EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RO-
BERTO DÁVILA ALONSO, acusado y apelante.

*Número:* 17390.   *Resuelto:* 21 de mayo de 1962.

*Celedonio Medin Lozada,* abogado del apelante; *J. B. Fernán-
dez Badillo, Procurador General* y *Rodolfo Cruz Contreras,
Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Interino Señor Pérez Pi-
mentel y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: Es un caso de tentativa de escalamiento en primer grado. En su alegato el apelante manifiesta que "[e]l resumen de la prueba que hizo el Hon. Juez Sentenciador es un resumen fiel y completo de las declaraciones de los testigos. . ." Al resumir la prueba el juez que presidió la vista expone que la primer testigo les dijo "que allá para la noche del 22 de diciembre a amanecer 23 de diciembre de 1960 ella se encontraba en su casa, que estaba esperando un hijo de ella que estaba fuera y que no había llegado todavía. Esa noche su esposo no estaba en su casa, y allá como a las dos de la mañana, después de haber dormido un rato, se despertó por razón de una parranda que pasó, y se quedó velando hacia fuera por la ventana, la cual tenía entreabierta, a ver si su hijo había llegado en el grupo ese que había pasado. Su hijo no llegó y ella se quedó esperando a su hijo, cuando vio que de una calle interior venían dos jóvenes, quienes se detuvieron, —dijo ella—, en la esquina, frente a la puerta del negocio de Don Domingo Avilés Ramos, supuesto perjudicado en este caso.

"Dice ella que se quedó velando a estos dos individuos; que uno, el cual identificó después como Ramón Cordero Vélez, se puso a forzar el candado de esa puerta mientras el otro se detuvo en la esquina velando hacia ambos lados . . ." El otro que quedó velando era el apelante Roberto Dávila Alonso. Se presentaron en evidencia un destornillador, un candado y una cerradura. Por el Estado declararon cuatro testigos. Los acusados no ofrecieron testimonios en su defensa. ■

En apelación, Dávila objeta las instrucciones al jurado. Sostiene que el tribunal de instancia erró al dar la siguiente instrucción:

"Una vez iniciado algún acto encaminado a llevar a cabo la ejecución del delito la tentativa queda consumada. Tan pronto hubo la intención, si se lleva a cabo algún acto encaminado a poner en práctica esa intención pensada, pues ya el delito de tentativa se ha consumado, aun cuando por alguna razón el

acusado desista luego del propósito de cometer el delito. Puede él desistir por su propia voluntad de ejecutar el acto que había pensado, o porque haya sido sorprendido."

Si consideramos la anterior instrucción a la luz de lo que la prueba estableció, encontraremos que la misma se ajusta a derecho. El apelante alega que es errónea "pues en casos de tentativa se requiere, además de la intención, que se lleve a efecto un acto patente (*over act*) encaminado a la consumación del delito". La prueba en el caso de autos, suponiendo que es correcta la contención del apelante, demostró la existencia de ese acto. El compañero del apelante, mientras éste velaba, con un destornillador violentaba el candado de la puerta del establecimiento que intentaban escalar.

Otra de las instrucciones que objeta el apelante dice:

"En un caso cuando se alega conspiración hay que probar la conspiración por prueba circunstancial de que varios individuos están tratando de cometer un delito."

El apelante no objeta que se haya trasmitido esta instrucción. Lo que sostiene es que fue error del juez expresar que la conspiración hay que probarla con prueba circunstancial, cuando lo que debió haber expresado es que la conspiración puede probarse con prueba circunstancial. Y sostiene además que "el error es aún más grave porque el Tribunal sentenciador no le explicó al Jurado lo que es prueba circunstancial, y al no instruirle que la prueba circunstancial no sólo debe ser consistente con la hipótesis de culpabilidad, sino que debe excluir cualquier otra hipótesis razonable que la de la culpabilidad del acusado". ■

Lo que obviamente tenía en mente el juez de instancia, es que en la mayoría de los casos la conspiración se prueba con prueba circunstancial porque es difícil obtener prueba directa a tales efectos. En nada perjudica al acusado el que se diga que tiene que probarse con prueba circunstancial. Y la segunda parte de la contención del apelante ignora nuestra

decisión de *Pueblo* v. *Bonilla*, 78 D.P.R. 152, 161 (1955), donde dijimos: "[d]esde ahora, al apreciar la evidencia en un caso criminal—y al instruir al jurado sobre la cuestión— los jueces sentenciadores no deben usar la norma de que para poder justificar la convicción la evidencia circunstancial debe ser inconsistente con cualquier otra hipótesis razonable de inocencia . . . ".

También objeta la siguiente instrucción:

"Existe duda razonable cuando después de un cuidadoso examen, análisis o comprobación de toda la prueba queda el ánimo de ustedes en tal situación *que no pueden decidir si tienen una firme convicción o certeza moral respecto a la verdad de los hechos envueltos en la acusación.*" (Bastardillas nuestras.)

Sostiene que es errónea "porque lo que tiene que resolver el Jurado, fuera de duda razonable, no es la verdad de los hechos envueltos en la acusación sino la culpabilidad o inocencia del acusado y si la prueba es suficiente para sostener, fuera de duda razonable, un veredicto de culpabilidad".

No tiene razón el apelante. La expresión del juez al efecto de que existe duda razonable si "no pueden decidir si tienen una convicción o certeza moral respecto a la verdad de los hechos" equivale a decirle que si tienen duda razonable de la culpabilidad del acusado deben absolverlo, ya que la verdad de los hechos equivale a la culpabilidad del acusado, pues si no son ciertos, o tienen duda de su certeza, deben absolverlo.

Esta otra instrucción también la objeta:

"Si los señores del Jurado creen, por el resultado de la prueba, que en la fecha y lugar a que se refiere la acusación, estos acusados trataron de penetrar durante las horas de la noche... en el establecimiento o tienda del perjudicado en este caso, . . . entonces ambos acusados serían culpables del delito de escalamiento en primer grado en grado de tentativa. Si los señores del jurado creen que a pesar de que entienden que se estuvo bregando con la puerta de ese establecimiento y se trató

de penetrar en el mismo, no fue con la intención de cometer hurto o ratería, o cualquier delito grave, entonces se habría cometido cualquier otro delito, pero no el delito de escalamiento en primer grado en grado de tentativa."

Afirma el apelante que el juez "[d]ebió haberles instruído que si concluían que el acusado Ramón Cordero Vélez trató de penetrar a dicho establecimiento, *y si concluían además*, que el apelante en esos momentos actuaba junto y de común acuerdo con dicho Ramón Cordero Vélez, entonces ambos acusados serían culpables".

El apelante vuelve a entresacar una parte de las instrucciones. El juez le dijo además al jurado:

"En los casos de coacusados que sean coautores no es necesario demostrar que los acusados hayan puesto en ejecución los mismos actos que puedan constituir el delito. Es decir, si un acusado, con la intención de cometer determinado delito, en alguna forma se confabula o conviene en alguna forma con otro poner en ejecución un plan, ellos serían culpables si los dos van al lugar para cometer determinado hecho, y uno no comete ese hecho, pero pone en ejecución el acto, pues sería culpable.

En los casos, por ejemplo, de escalamiento en que un coacusado no participa directamente robando o penetrando, pero participa de algún modo velando, podría ser culpable de lo mismo, aun cuando se ha intentado penetrar y no se haya penetrado en el lugar. De modo que ustedes tienen que determinar la inocencia o culpabilidad de los acusados individualmente en este caso, y deberan determinar la culpabilidad, por ejemplo, o inocencia de Ramón Cordero Vélez apreciando toda la prueba en conjunto, y asimismo la de Roberto Dávila Alonso, y en su oportunidad rendir veredicto por separado, en favor o en contra, según sea el caso."

Estas instrucciones consideradas conjuntamente con las que objeta el acusado son correctas. Claramente le informan al jurado que deben considerar el caso de cada uno de los acusados separadamente. Que si ellos entendían que Dávila, el aquí apelante, no estaba actuando con el otro acusado, lo debían absolver. ■

El quinto error ["no instruir al jurado que de no con-cluir que los acusados actuaron juntos y de común acuerdo obedeciendo a un plan concebido por ellos, debían absolver al acusado Roberto Dávila Alonso"] se dispone con lo que queda dicho anteriormente. Lo mismo ocurre con el sexto. ["No instruir al Jurado que para justificar una convicción basada en prueba circunstancial la prueba no solamente debe ser consistente con la hipótesis de culpabilidad, sino que debe excluir cualquier otra hipótesis razonable que la de la culpabilidad del acusado"]. *Pueblo* v. *Bonilla*, supra.

Termina el apelante sosteniendo que "[e]l veredicto de culpabilidad contra el apelante no está sostenido por la prueba." La prueba de cargo, única que desfiló ante el jurado claramente establece la comisión del delito imputado.

No se cometieron los errores apuntados.

*Se confirmará la sentencia apelada que dictó el Tribunal Superior, Sala de Mayagüez, con fecha 24 de abril de 1961.*